

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. Lee O'Daniel
Governor of Texas
Austin, Texas

Dear Sir:

Opinion No. O-2261
Re: Is the cigarette tax levied
by Article 7047o, Vernon's
Annotated Civil Statutes, a
direct tax upon the purchaser
of such cigarettes in Texas?

We are in receipt of your letter of April 20, 1940,
with attached letter to you from Honorable Cordell Hull, Sec-
retary of State, wherein you submit for our determination the
question of whether the cigarette tax levied by Article 7047o,
Vernon's Annotated Civil Statutes, is a direct tax upon the
purchaser of cigarettes in Texas.

This question cannot be answered categorically, be-
cause under some aspects of the law and facts, the cigarette
tax law of Texas levies a direct tax upon the purchaser of
cigarettes in Texas, while in other instances the tax is upon
the sale of cigarettes in Texas and is not a direct tax upon
the ultimate purchaser or consumer of such cigarettes.

Section 2 of Article 7047o, Vernon's Annotated Civil
Statutes, hereinafter referred to as the Cigarette Tax Law of
Texas, levies a cigarette tax and provides that "the tax shall
be paid only once by the person making the 'first sale' in this
state and shall become due and payable as soon as such cigarettes
are subject to a first sale in Texas, it being intended to im-
pose the tax as soon as such cigarettes are received by any per-
son in Texas for the purpose of making a 'first sale' of same."

Section 1 (h) of the Cigarette Tax Law defines "first
sale" as follows:

"(h) 'First Sale' shall mean and include the
first sale or distribution of cigarettes in intra-
state commerce, or the first use or consumption of
cigarettes within this State." (Underscoring ours)

In connection with the statutory definition of "first

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable W. Lee O'Daniel, Page 2

sale," the Legislature, by Section 1 (m) of the Act, has de-
fined "distributor" as follows:

> "(m) 'Distributor' shall mean and include
> every person in this State who manufactures or
> produces cigarettes or who ships, transports,
> or imports into this State or in any manner
> acquires or possesses cigarettes and makes a
> 'first sale' of the same in this State; the
> said term shall also include every person in
> this State who in any manner acquires or poss-
> esses unstamped cigarettes for the purpose of
> making a 'first sale' of the same within this
> State." (Underscoring curs)

From the foregoing references to the Cigarette Tax
Law, it may be readily seen that the excise cigarette tax
levied thereby is caused to accrue in two contingencies: (1)
upon the first sale or distribution of cigarettes intra-state,
by a cigarette dealer, either wholesale or retail; (2) upon
the use or consumption of cigarettes not purchased under the
foregoing conditions.

Under the first factual situation, the dealer is
constituted a "distributor," as defined by statute above
quoted, by virtue of the "first sale," as defined, of the
cigarettes in this state. The quantum of the tax is measured
by the number of cigarettes so sold intra-state, and although
the amount of such tax may, in the discretion of such dealer,
be passed on as part of the purchase price to be paid by
the ultimate consumer, nevertheless in this instance the
cigarette tax is not a tax against the ultimate purchaser
of such cigarettes.

But in the second instance above stated, the ciga-
rette tax does accrue and is a charge against the ultimate
purchaser or consumer of the cigarettes in Texas as a direct
tax, such ultimate user or consumer in this case becoming a
"distributor" of cigarettes by virtue of making the first
use of the cigarettes in Texas. It is obvious that the only
factual situation under which this tax could accrue against
the ultimate user or purchaser of the cigarettes would be up-
on cigarettes purchased in inter-state commerce rather than
in intra-state commerce from a licensed dealer in such cigarettes.

In this contingency, the cigarette tax levy partakes of the nature of an excise or privilege tax upon the privilege of using or consuming cigarettes within this state.

In summation, we advise that the cigarette tax levied by Article 7047c, Vernon's Annotated Civil Statutes, is both a sales tax and a "use" tax. It is an excise levy with a dual purpose of reaching either the seller or the purchaser of cigarettes in Texas, depending upon the method of acquiring and disposing of the cigarettes in this state. Simply stated, if the cigarettes are sold in Texas, this excise tax is levied upon the person, firm or corporation making the "first sale" of the cigarettes as defined by statute; on the other hand, if the cigarettes are acquired through the channels of inter-state commerce and without a sale having transpired in Texas, the tax is a levy and burden upon the ultimate purchaser or user of the cigarettes, as an excise or privilege tax upon the use or consumption of such cigarettes.

Trusting the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Pat M. Neff, Jr.
Assistant

PMN/oe

APPROVED MAY 29, 1940

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN